Dismissed and Majority and Dissenting Opinions filed June 1, 2004









Dismissed and Majority and Dissenting Opinions filed
June 1, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00644-CV

____________

 

PABLO TELLO, Appellant

 

V.

 

BANK ONE, N.A.;
BANC ONE TEXAS LEASING CORP., Appellees

 



 

On Appeal from the Civil
Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 786,601

 



 

O P I N I O N

Pablo Tello brings this appeal from a
summary judgment entered against him for breach of a lease agreement he
executed for a truck.  Because all of the
issues in this case are well settled, we issue this memorandum opinion.  

Two plaintiffsCBank One, N.A. and
Banc One Texas Leasing Corp.Csued Tello.  The Afinal judgment@ disposed of only
one of the plaintiffsCBank One, N.A.  Banc One Texas Leasing Corp. was not
dismissed from the suit and its claims were not severed.








The dissent claims that we do not know
that Bank One, N.A. and Banc One Texas Leasing Corporation are two entities and
that we are merely assuming that two plaintiffs sued Mr. Tello.  The dissent states that the record treats
Bank One, N.A. and Banc One Texas Leasing Corporation as a single entity.  We disagree. 
Two of the documentsCboth of which were
attached to the motion for summary judgment and the petitionCdirectly support
our conclusion.

The leasing agreement was a Bank One
form.  The bottom of that form was signed
by Tello and an authorized representative of Bank One.  Just above the authorized representative=s signature the
following sentence appears:

The authorized signature of the
Lessor below has the effect of: (1) accepting the terms and conditions of this
Lease; (2) acknowledging verification of the Lessee=s insurance coverage (see Section
14); and (3) assigning all right, title and interest in this Lease, including
all amounts due thereunder, any guaranty and the Vehicle to BANC ONE TEXAS LSNG
CORP (AAssignee@) pursuant [the next seven or eight
words are illegible because the name BANC ONE TEXAS LSNG CORP is typed over
them] Agreement.

Thus, a Bank One representative executed
the Leasing Agreement and simultaneously with that execution, assigned the
lease to Banc One Texas Leasing Corporation. 
A single entity would not need to assign to itself a lease agreement it
just entered into.  That would be a
senseless act.

The Texas Certificate of Title leads to
the same conclusion.  It contains the
following information:











 
 
 
 
 
 
 







So, the title lists Banc One Texas Leasing
Corporation as the owner of the truck and Bank One Texas N.A. as the first
lienholder.  A single company would not
own a truck and also be a lienholder on the truck.  This also supports the conclusion that they
are two separate companies.

Whether Bank One, N.A. and Banc One Texas
Leasing Corporation are, or were, two entities and not one is important for
jurisdictional reasons.  When a judgment
disposes of only one of several plaintiffs, it is interlocutory.  Lehmann v. HarCon Corp, 39 S.W. 3d
191, 205 (Tex. 2001) (concluding that when there has not been a conventional
trial on the merits, an order or judgment is not final for puposes of appeal
unless it actually disposes of every pending claim and party or unless it
clearly and unequivocally indicates the trial court=s intent to
finally dispose of all claims and all parties).








This court has jurisdiction to hear only
appeals from final judgments, although it may hear interlocutory appeals in
certain types of cases.  See Tex. Civ. Prac. & Rem. Code ' 51.02 (stating
that in a civil case involving more than $100, a party may appeal a final
judgment from a district or county court to the court of appeals); see also
Tex. Civ. Prac. & Rem. Code ' 51.014(a) (1)B(10) (listing the
types of cases in which an interlocutory appeal may be brought).  This is not one of those cases.

It may be that Bank One, N.A. and Banc One
Texas Leasing Corporation are now one company, that one has merged into the
other.  If that has happened, evidence
must be presented to the judge to prove that they are now one company.  For, as it now stands, the same documents
proving the transaction also prove that Bank One, N.A. and Banc One Texas
Leasing Corporation are not one entity, but are separate entities.

Having no jurisdiction to hear this appeal, we dismiss it.[1]

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Majority and Dissenting Opinions filed June 1, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.  (Edelman, J., dissenting).

 

 











[1]  In the
interest of judicial economy we also note that, as appellant points out, Bank
One has not proved as a matter of law that all offsets have been made.  The affidavit in support of Bank One=s summary judgment states that all offsets, payments,
and credits have been applied, yet later, the same affidavit states that all
offsets have not been made.